**Corrected**

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1663V
UNPUBLISHED

| | |
|---|---|
| ANNE JACQUELINE KITE,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: February 22, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Elaine Whitfield Sharp, Whitfield, Sharp & Sharp, Marblehead, MA, for Petitioner.*

*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 29, 2018, Anne Jacqueline Kite filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine that was administered to her on December 3, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 3, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On February 18, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $150,000.00 in actual and projected pain and suffering. Proffer at 1-2. In the Proffer, Respondent represented

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

that Petitioner agrees with the proffered award. *Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $150,000.00 (for actual and projected pain and suffering) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

ANNE JACQUELINE KITE,

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 18-1663V
Chief Special Master Corcoran

## PROFFER ON AWARD OF DAMAGES

On October 29, 2018, Anne Jacqueline Kite ("petitioner") filed a petition for

compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C.

§§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The Petition alleges that petitioner

received an influenza ("flu") vaccine on December 3, 2016, and that she subsequently suffered a

Shoulder Injury Related to Vaccine Administration ("SIRVA"). Petition at 1. Respondent

concluded that petitioner's alleged injury satisfied the criteria of the Vaccine Injury Table, and

therefore conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on

January 30, 2020. ECF No. 30. Based on Respondent's Rule 4(c) Report the Court found

petitioner entitled to compensation on February 3, 2020. ECF No. 31.

## I. Item of Compensation

Respondent proffers that petitioner should be awarded $150,000.00 in actual and

projected pain and suffering. This amount reflects that any award for projected pain and

suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner

agrees.

1

## II.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$150,000.00** in the form of a check made payable to petitioner.[1] This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

s/Jennifer L. Reynaud

JENNIFER L. REYNAUD
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-1586
Jennifer.L.Reynaud@usdoj.gov

DATED: February 18, 2022